UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
QIAO XI MA,

                Plaintiff,

v.

INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATES IDENTIFIED ON SCHEDULE A,

                Defendants.
----------------------------------------------------------------x

**ORDER**
25-CV-3910-SJB-ST

**BULSARA, United States District Judge:**

       Plaintiff Qiao Xi Ma initiated this action for patent infringement on July 14, 2025, against Individuals, Corporations, Limited Liability Companies, and Unincorporated Associates Identified on a sealed Schedule A. (Compl. dated July 14, 2025, Dkt. No. 1). That same day, Plaintiff filed an *ex parte* motion for temporary restraining order (Mot. for TRO, Dkt. No. 7), a motion for leave to file excess pages in connection with the TRO motion (Mot. for Leave to File Excess Pages & Mem. of Law in Supp. of TRO dated July 14, 2025, Dkt. No. 4), and a motion for leave to file certain documents under seal (Mot. to Seal dated July 14, 2025, Dkt. No. 6). The Court addresses each submission as follows.

       **Motion for Leave to File Under Seal:** The motion to seal is denied. As an initial matter, there is not a separate motion to seal filed that articulates a basis for sealing the exhibits to the TRO under the Second Circuit's decision in *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006). (A separate motion is filed, but it makes no mention of *Lugosch*

and is conclusory at best; that motion is denied). A cursory glance at the exhibits suggests that a motion directed to seal these exhibits would flunk the *Lugosch* test. One of the exhibits contains the identities of the Defendants. (Ex. 2 to Mot. to Seal, Dkt. No. 6-2). At this juncture, there is no basis to seal the names of Defendants, and no Court could countenance such a result, because American court proceedings are not conducted in secret, and the sealing of the names of a defendant cannot proceed unless the plaintiff demonstrates the propriety of proceeding via pseudonym under the ten-factor test set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008). Absent public naming of all Defendants—or satisfaction of the *Sealed Plaintiff* standards—the case cannot proceed. A second exhibit appears to be a patent claim chart (Ex. 1 to Mot. to Seal, Dkt. No. 6-1); but a patent itself is public—that is its inherent nature—and claims of infringement are almost always subject to public airing and disclosure. These documents are, for now, being kept under seal to permit Plaintiff to file a motion, consistent with the Court's Individual Practices § III.G for sealing, and if appropriate, a separate motion to proceed via pseudonym pursuant to *Sealed Plaintiff*.

**Motion for Leave to File Excess Pages:** All motions must comply with the formatting and word count limitations in Local Civil Rule 7.1, and include a certification of word count compliance. The motion papers here do not comply. The current motion for leave to file excess pages refers exclusively to page limitations, which are no longer in place in this District. As such, the motion is denied.

**Motion for TRO:** In light of the denial of the motion to seal and other deficiencies, the motion for TRO is denied without prejudice to renewal. The Court is

strongly disinclined to grant TRO relief *ex parte* or to permit email service. As such, Plaintiff should be prepared to provide personal service of the renewed motion papers, consistent with Fed. R. Civ. P. 4.

**Venue:** Section 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The Complaint's cursory allegations of venue (Compl. ¶ 3), are directed to the generic venue statue, 28 U.S.C § 1391, and not the more specific patent venue statute. And without a complaint that identifies the location of infringement and the place of business of *each* Defendant, the Court cannot evaluate whether venue under the patent statute is proper here.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Dated: July 15, 2025
      Central Islip, New York

3